STATE ex Rel. NELSON, Relator, v. BOARD OF COUNTY COMMISSIONERS et al., Respondents.

(No. 8,188.)

(Submitted January 31, 1941.   Decided February 1, 1941.)

[109 Pac. (2d) 1106.]

*Mr. George S. Smith,* for Relator, submitted an original and a supplemental brief, and argued the cause orally.

*Mr. R. F. Hibbs* and *Mr. Frederick Moulton,* for Respondents, submitted a brief; *Mr. Hibbs* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an original proceeding in mandamus. Its purpose is to compel respondents to order the county clerk to issue a warrant to relator for general relief. Briefly summarized, the facts involved are these:

Relator had been awarded general relief under Chapter 82, Laws of 1937, as amended by Chapter 129, Laws of 1939. Respondents have refused to order the county clerk to issue a warrant or check in payment of the relief assistance so granted to relator. No county funds are available and the state department of public welfare has made no grant in aid from which payment to relator can be made and, hence, any warrants issued for such relief must of necessity be registered.

The county commissioners of Yellowstone county have set up an emergency budget under section 4613.6, Revised Codes, in the amount of $15,000 for general relief purposes. This emergency budget, together with other emergency budgets previously set up and now exhausted, amount in the aggregate to $24,000. Approximately $120,500 will be received from taxes to be levied

in 1941 for general relief purposes which will be available for the payment of warrants so registered. There are in Yellowstone county approximately 931 persons dependent upon general relief which must be paid by the issuance and registration of warrants.

The legal question presented is whether the respondents are justified in refusing to order the county clerk to issue warrants. Their refusal is based upon that part of section 5 of Article XIII of the Constitution, reading: ''No county shall incur any indebtedness or liability for any single purpose to an amount exceeding ten thousand dollars ($10,000) without the approval of a majority of the electors thereof, voting at an election to be provided by law,'' and upon section 4717, Revised Codes, containing a like limitation.

It is the contention of respondents that by the emergency ▮▮▮▮ budget authorizing emergency warrants in the sum of $15,000, the county has attempted to create an indebtedness or liability for a single purpose in excess of $10,000 without the approval of the electors. It is conceded that the electors have not been consulted on the question. The determinative question is whether the indebtedness or liability attempted to be created is for a single purpose within the meaning of section 5, Article XIII of the Constitution, or of section 4717, Revised Codes.

In considering the meaning of the term ''single purpose'' this court in *State ex rel. Turner* v. *Patch*, 64 Mont. 565, 210 Pac. 748, 750, said: ''The word 'single' is defined as one only; being a unit; alone; detached; one which is abstracted from others, (Webster's International Dictionary; Century Dictionary.) 'Purpose' means that which a person sets before him as an object to be reached or accomplished; an end, intention or aim. (*Ex parte McCoy*, 10 Cal. App. 116, 101 Pac. 419; 4 Words and Phrases, Second series, 69.) The synonyms are: end, aim, object, plan, proposition, project. (Standard Dictionary; Crabb's Synonyms.) According to approved usage, then, the words 'single purpose' convey to the mind the idea of one object, project, or proposition—a unit isolated from all others. In other words, to constitute a single purpose, the elements which enter into it must be so related that, when combined, they con-

stitute an entity; something complete in itself, but separate and apart from other objects.''

In that case it was contended that work done on different parts of a public highway of the county constituted a single purpose. The court held otherwise, saying: ''In the light of this construction of the language employed in our Constitution, it cannot be said that the commissioners of Roosevelt county exceeded their authority in disposing of their county roadwork in the manner indicated. We do not mean to intimate that commissioners may, by making arbitrary or artificial divisions of work which manifestly constitutes but one project, and by issuing separate warrants to separate contractors for separate units thus created, evade the prohibition of the Constitution, but we do say that in no proper sense of the terms can it be held that, as applied to this roadwork, a culvert at Mondak, a cut at Froid, a fill at Culbertson, the removal of an obstruction at Poplar, the repair of a defect at Wolf Point, and the leveling of the surface at Bainville constitute one project, or that warrants severally issued for these separate pieces of work represent an indebtedness or liability for a single purpose, even though these points are all connected by the public roads of the county.''

Here the warrants in question will be issued to 931 different persons. Each individual person is awarded relief solely upon the facts pertaining to such individual regardless of the situation or condition of others. The conditions of one have no relation to the others. Whether one is entitled to relief does not depend upon the right of others thereto.

The entire debt for all relief purposes cannot be regarded as an indebtedness or liability for a single purpose. That this is so was at least foreshadowed, if not directly held, in the case of *Panchot* v. *Leet,* 50 Mont. 314, 146 Pac. 927, 930, where the court said: ''It is perfectly obvious that the distribution of various amounts for the relief by various indigent persons, even though the aggregate exceed $10,000 taken from the county poor fund, is in no wise analogous to the expenditure of a sum certain for the single purpose of erecting a public building. The first is a distribution, founded on a duty expressly imposed,

to meet an emergent present condition encountered in the regular and normal functioning of the county; the second is an expenditure, founded on a liability for a single, occasional purpose, forbidden under certain conditions."

The case of *State ex rel. Cryderman* v. *Wienrich,* 54 Mont. 390, 170 Pac. 942, 946, at first reading would seem to militate against this view, but there it was proposed to sell warrants in the sum of $300,000 to provide a fund with which to aid those in need of seed grain. As will be noted, the sale of such warrants would create a single indebtedness at the one time for what the court held would be a single purpose. The court, however, adhered to its holding in the case of *Panchot* v. *Leet,* supra, and drew a distinction between the two, saying: "That the incurring of an indebtedness, whether by bonds or warrants, for the particular object contemplated by this Act [Chap. 13, Laws 1915] is a single purpose may not be gainsaid, even though, as pointed out in *Panchot* v. *Leet,* 50 Mont. [314] 321, 146 Pac. 927, the aggregate of disbursements to the general poor cannot be so regarded." Compare, also, *Nelson* v. *Jackson,* 97 Mont. 299, 33 Pac. (2d) 822, where it was held that warrants in the sum of $11,000 payable to one company as the purchase price of three "caterpillar auto patrols" for use in maintaining the county roads did not create an indebtedness or liability for a single purpose. The fact that the Emergency Budget Act, sec. 4613.6, gives authority to provide for an emergency in the singular does not militate against the view that under the facts here the emergency arises by virtue of many separate and distinct purposes which, in the aggregate, constitute the emergency. It follows that the writ applied for will issue.

We find that defendants and each of them have appeared and made defense in this proceeding in good faith. In consequence relator is entitled to recover damages and costs pursuant to section 9858, Revised Codes, including a reasonable attorney's fee which the parties have stipulated to be the sum of $400.

Mr. Chief Justice Johnson and Associate Justices Erickson, Anderson and Morris concur.